UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

    Plaintiff,

v.

RK ASSOCIATES XVIII, LLC and
HAPPY BIRD LLC d/b/a LA MATERA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues RK ASSOCIATES XVIII, LLC and HAPPY BIRD LLC d/b/a LA MATERA (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4.     At all times material, Defendant, RK ASSOCIATES XVIII, LLC, at all material times owns and operates and has owned and operated a commercial property and strip mall located at 2981-3073 NE 163rd Street, North Miami Beach, Florida 33160 (hereinafter the "commercial

1

property") and conducted a substantial amount of business in that place of public accommodation in North Miami Beach, Florida.

5. At all times material, Defendant, RK ASSOCIATES XVIII, LLC, was and is a Florida for profit corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in North Miami Beach, Florida.

6. At all times material, Defendant, HAPPY BIRD LLC d/b/a LA MATERA, at all material times owns and operates and has owned and operated a commercial restaurant and bar at 3073 NE 163rd Street, North Miami Beach, Florida 33160[1] (hereinafter the "commercial property"), which is located within Co-Defendant, RK ASSOCIATES XVIII, LLC's, commercial property, and conducted a substantial amount of business in that place of public accommodation in North Miami Beach, Florida.

7. At all times material, Defendant, HAPPY BIRD LLC d/b/a LA MATERA, was and is a Florida limited liability company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in North Miami Beach, Florida

8. Venue is properly located in the Southern District of Florida because Defendant's commercial property, and restaurant and bar are located in Miami-Dade County, Florida; Defendant regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

9. Although well over thirty-two (32) years has passed since the effective date of Title

---

[1] HAPPY BIRD LLC d/b/a LA MATERA, owns and operates a commercial restaurant and bar at 3073 NE 163rd Street, North Miami Beach, Florida 33160 which is within the commercial strip mall owned and operated by its landlord and codefendant, RK ASSOCIATES XVIII, LLC, at the address listed above for the commercial property, 2981-3073 NE 163rd Street, North Miami Beach, Florida 33160.

III of the ADA, Defendant has yet to make its/their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Defendant/landlord, RK ASSOCIATES XVIII, LLC, owns, operates and/or oversees the commercial property, to include its general parking lot, parking spots, Entrance Access, and Path of Travel specific to the restaurant and bar business operating within the commercial property and all other common areas open to the public located within the commercial property.

14. Defendant, HAPPY BIRD LLC d/b/a LA MATERA, owns, operates and oversees the commercial restaurant and bar within its commercial property, to include the entrance and interior to its commercial restaurant and bar business therein and all other interior pathway and aisles, access to commercial goods and services (to include the bar area and tables), and restroom

areas, which are open to the public located within the commercial property and strip mall.

15. The subject commercial property and restaurant and bar are open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property and restaurant and bar regularly, to include visits to the commercial property and business located within the commercial property on June 27, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property. He often visits the commercial property and the restaurant and bar located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately thirty-three (33) miles from his residence and is near other businesses he frequents as a patron. He plans to return to the commercial property and restaurant and bar within two (2) months from the date of the filing of this Complaint.

16. The Plaintiff, CARLOS BRITO, found the commercial property and commercial restaurant and bar business located within the commercial property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and commercial restaurant and bar business located within the commercial property and wishes to continue his patronage and use of the premises.

17. The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject places of public accommodation. The barriers to access at Defendant's commercial property and commercial restaurant and bar business have each denied or diminished Plaintiff's ability to visit these places of public accommodation and have endangered his safety in violation of the ADA. The barriers to access, which is set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

18. Defendant, RK ASSOCIATES XVIII, LLC, owns and operates a commercial property which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, RK ASSOCIATES XVIII, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, RK ASSOCIATES XVIII, LLC, owns and operates is the commercial property and/or businesses located at 2250--3073 NE 163rd Street, North Miami Beach, Florida 33160.

19. Defendant, HAPPY BIRD LLC d/b/a LA MATERA, owns and operates a commercial restaurant and bar which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, HAPPY BIRD LLC d/b/a LA MATERA, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, HAPPY BIRD LLC d/b/a LA MATERA, owns and operates within the commercial property is the commercial restaurant and bar business located at 2250 NE 163rd Street, North Miami Beach, Florida 33160.

20. Defendant/Landlord, RK ASSOCIATES XVIII, LLC, as owner of the commercial property and Co-Defendant/tenant, HAPPY BIRD LLC d/b/a LA MATERA, as owner of the commercial restaurant and bar business within the commercial property, is together jointly and severally liable for all ADA violations listed in this Complaint.

21. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described commercial property and commercial restaurant and bar, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and commercial restaurant

and bar, in violation of the ADA. Plaintiff desires to visit the commercial property and restaurant and bar business located therein, not only to avail himself of the goods and services available at the commercial property and restaurant and bar business within the commercial property, but to assure himself that the commercial property and restaurant and bar business are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property and restaurant and bar business within the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, RK ASSOCIATES XVIII, LLC

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, RK ASSOCIATES XVIII, LLC, has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A. Parking

   i. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG

and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility.

These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, RK ASSOCIATES XVIII, LLC AND DEFENDANT/TENANT, HAPPY BIRD LLC D/B/A LA MATERA**

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26. Defendants, RK ASSOCIATES XVIII, LLC and HAPPY BIRD LLC d/b/a LA

MATERA have together discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

    A.    <u>Access to Goods and Services</u>

    i.    There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.    <u>Public Restrooms</u>

    i.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the bathrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not use the paper towel dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

27. The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the commercial places of public accommodation (the commercial strip mall and restaurant and bar); Plaintiff requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice. A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

28. The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property business and commercial restaurant and bar business within the property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation and/or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to

determine all of the isas of non-compliance with the Americans with Disabilities Act.

32.     Notice to each and/or either Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by each Defendant.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, to include the restaurant and bar located within the commercial property located at 2250-3073 NE 163rd Street, North Miami Beach, Florida 33160,including the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) Injunctive relief against each Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require both Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: September 4, 2024

                                          **ANTHONY J. PEREZ LAW GROUP, PLLC**
                                          *Attorneys for Plaintiff*
                                          7950 w. Flagler Street, Suite 104
                                          Miami, Florida 33144
                                          Telephone: (786) 361-9909
                                          Facsimile: (786) 687-0445
                                          Primary E-Mail: ajp@ajperezlawgroup.com
                                          Secondary E-Mails: jr@ajperezlawgroup.com


By:    /s/ Anthony J. Perez_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451